**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 22-CR-215 (BAH)** |
| **v.** | : | |
| | : | |
| **DONNELL TAYLOR** | : | |
| **Defendant.** | : | |

**JOINT STATUS REPORT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Donnell Taylor, by and through his counsel, Mary Petras, respectfully submit this joint status report to the Court.

On October 1, 2024, the Court issued a Minute Order directing the parties to file a Joint Status Report on the amount of restitution, if any, to be ordered at sentencing in this case. Although the defendant agreed to pay restitution in the plea agreement, the government ultimately did not receive any restitution requests in this case. Accordingly, the government is not requesting that the Court order any restitution at sentencing.[1]

[1] Under *Paroline v. United States*, 572 U.S. 434, 448 (2014), restitution is "proper under [18 U.S.C. 2259] only to the extent the defendant's offense proximately caused the victim's losses." Section 2259(b)(2) of Title 18, United States Code, provides that the Court "shall" first "determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim," which are defined as "costs incurred, or that are reasonably projected to be incurred in the future, by the victim ... as a proximate result of all trafficking in child pornography offenses involving the same victim," *id.* § 2259(c)(2). After making that determination, "the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." *Id.* § 2259(b)(2)(B). Here, there is no evidence in the record that would allow the Court to determine the amount of the victims' losses under the first step of 18 U.S.C. § 2259(b). Accordingly, there should be no restitution imposed on the defendant. *See, e.g., United States v. Rodriguez*, 2024 WL 3338311 (9th Cir. 2024) (unreported) (reversing orders of restitution under 18 U.S.C. § 2259 to several victims because the district court did not make any findings with respect to the losses incurred by the victims).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By: _*/s/ Caroline Burrell*______________
Caroline Burrell
Assistant United States Attorney
CA Bar 283687
601 D. St N.W.
Washington, D.C. 20530
(202) 815-8613
caroline.burrell@usdoj.gov